IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

Michelle Raglin,

        Plaintiff,

v.

Credit One Bank, N.A.,

        Defendant.

Case No.:  2:16-cv-184-WCO

**COMPLAINT**
**WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a purported consumer debt. Plaintiff seeks monetary relief based on Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-393, *et seq.*

## PARTIES

1.  Plaintiff, Michelle Raglin, is a natural person who resides in Habersham County, Georgia.

2.  Defendant, Credit One Bank, N.A. is a corporation formed under the laws of the State of Nevada and is wholly owned by Credit One Financial, a bank

1

holding company registered in Nevada. Credit One Financial is itself a wholly owned subsidiary of Sherman Financial Group, LLC.

3. Defendant may be served with process via its registered agent, National Registered Agents, Inc., at 701 South Carson Street, Suite 200, Carson City, Nevada 89701.

4. At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (holding federal district courts have federal question jurisdiction over TCPA claims). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

7. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district. Pursuant to LR 3.1B(3), NDGa, venue is proper in

the Gainesville Division because the conduct complained of herein occurred in Habersham County, which is in the Gainesville Division.

## FACTUAL ALLEGATIONS

8. Plaintiff is the subscriber for the cellular telephone with the number 678-***-9705 (the "Cell Phone").

9. In or about April, 2016, Plaintiff began receiving calls on her Cell Phone from Defendant seeking to collect an alleged debt owed by Plaintiff.

10. Defendant's calls to Plaintiff were made from phone numbers 866-625-2121, 877-420-4824, and 972-246-3700.

11. The phone numbers set forth in Enumeration 9 above are utilized by or under the control of Defendant.

12. Between April 3, 2016 and April 10, 2016, Plaintiff received at least twenty eight (28) similar calls from Defendant.

13. On more than one occasion, the Defendant initiated calls to the Plaintiff at least seven (7) times in under four hours.

14. When Plaintiff answered calls from Defendant, she heard pauses and/or clicks and a delay at the beginning of the calls.

15. Upon information and belief, Defendant used an autodialer and/or predictive dialing equipment to make its calls to Plaintiff.

3

16. Plaintiff never provided consent for Defendant to call her on her Cell Phone.

17. To the extent Plaintiff provided consent for Defendant to call her on her Cell Phone, Plaintiff explicitly revoked that consent no later than April 3, 2016.

18. Subsequent to her revocation of consent, Plaintiff did not provide additional consent for Defendant to contact her.

19. Defendant's calls to Plaintiff had no emergency purpose.

20. Rather, Defendant advised Plaintiff that its calls were for the purpose of debt collection.

21. Defendant used multiple outgoing phone numbers to contact Plaintiff, making it impossible for Plaintiff to block and/or avoid the calls. Moreover, Plaintiff was unable to avoid or escape Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

22. Once Defendant knew that Plaintiff did not wish to be called, there was no purpose for placing additional calls to her Cell Phone other than to annoy, abuse, or otherwise harass Plaintiff.

23. Plaintiff carries her Cell Phone at most times to be accessible to her family, friends, and work-place. Calls from Defendant have interrupted and

interfered with Plaintiff's daily life, including activities of daily living, interactions with family and friends, and work activity.

24. Defendant's campaign of harassing phone calls has caused Plaintiff actual damages, including, but not limited to, the consumption of "minutes" as contemplated in her cellular service plan that has the end result of Plaintiff paying for the calls initiated by Defendant, depletion of Plaintiff's battery life resulting in diminished preferred usage by Plaintiff, emotional distress—including frustration and aggravation—in managing the persistent calls, and expenses associated with seeking to enforce Defendant's compliance with the law.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227,** *et seq.*

26. Plaintiff incorporates by reference paragraphs 1 through 22 as though fully stated herein.

27. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's Cell Phone, without permission or emergency purpose, and using an autodialer and/or predictive dialing equipment.

28. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

29. Defendant knew that it did not have Plaintiff's consent to receive its calls at all. Its repeated calls were, therefore, knowing and/or willful violations of the TCPA.

30. Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

### COUNT II

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
O.C.G.A. § 10-1-393(a)**

31. Plaintiff incorporates by reference paragraphs 1 through 22 as though fully stated herein.

32. O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

33. It was an unfair business practice for Defendant to call Plaintiff's Cell Phone repeatedly and in rapid succession in an effort to collect a debt without consent.

34. It was an unfair business practice for Defendant to repeatedly call Plaintiff's Cell Phone in an attempt to collect a debt.

35. It was an unfair business practice for Defendant to continue to contact Plaintiff after she requested that Defendant stop contacting her.

36. Defendant's actions have interfered with Plaintiff's daily life in a manner that she did not invite, disclaimed, and could not reasonably escape.

37. As pled above, Plaintiff was harmed by Defendant's unfair conduct.

38. Upon information and belief, Defendant regularly uses repeated, unauthorized calls to consumers in its debt collection efforts.

39. Upon information and belief, repeated and unauthorized calls to consumers are Defendant's *modus operandi* for debt collection and are done on a wide scale.

40. Defendant's conduct amounts to an unfair business practice.

41. Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

42. Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving Plaintiff of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

43. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

44. As a result of Defendant's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

45. Defendant's actions were intentional, rendering it liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

46. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

47. Furthermore, because Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

a.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

b.) Actual damages;

c.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

d.) Reasonable attorneys' fees and costs pursuant to O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

e.) Such other and further relief as may be just and proper.

Respectfully submitted, this 28th day of July, 2016.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333

*Plaintiff's Attorney*